WILLIAM P. DANE, Respondent, *v.* THE LIVERPOOL
AND LONDON AND GLOBE INSURANCE COMPANY,
Appellant.

*Power of the court to order a compulsory reference—Code of Civil Procedure,*
*§ 1013.*

Section 1013 of the Code of Civil Procedure,—authorizing the court to order a
compulsory reference, where the trial will require the examination of a long
account, and will not require the decision of difficult questions of law,—is
applicable as well to such actions as are of equitable, as to such as are of
legal cognizance.

The only effect of the last clause of the said section is to authorize the court
to appoint a referee to decide some of the issues, less than the whole, or to
report findings upon one or more specific questions of fact.

In no case can the court order the compulsory reference of an action, where
the trial will not require the examination of a long account, or will require
the decision of difficult questions of law.

APPEAL from an order, made at a Special Term, appointing a
referee to hear and determine this action.

The action was brought to procure the reformation of three poli-
cies of insurance, issued by the defendant to the plaintiff, upon a
stock of paper and other hazardous merchandise, and to recover,
upon the policies as so reformed, damages occasioned by a fire,
amounting in all to $16,500.

*Butler, Stillman & Hubbard,* for the appellant.

*Freling H. Smith,* for the respondent.

Gilbert, J. :

Two facts must be shown to authorize the court to direct a trial
of issues of fact by a referee, viz. : 1, that the trial will require the
examination of a long account; and, 2, that it will not require the
decision of difficult questions of law. (Code of Civ. Pro., § 1013.)
No distinction appears to have been made between the different
kinds of actions, nor between such as are of legal, and such as are
of equitable cognizance. The section of the Code of Civil Pro-
cedure cited is the only statutory provision which governs the sub-

ject. It is contained in chapter 10, the title of which is "Trials including jurors and juries," and it forms a part of title 2 of that chapter, the title of which is "Trials without a jury." It is, therefore, applicable to actions of every sort, and cannot be restricted arbitrarily to actions upon contract, nor even to such as were formerly denominated actions at law. On the contrary, actions for equitable relief, which require the examination of a long account, and which do not require the decision of difficult questions of law, may be referred.

The power vested in the court is, however, a permissive one merely, and it should not be exercised, except in cases where the litigation arises chiefly upon the items of an account on one or both sides. Indeed, by the language of section 1013 cited, the court is prohibited from ordering a reference of issues which require the decision of difficult questions of law. The only effect of the last clause of that section, that I can discover, is to authorize a reference to decide some of the issues, less than the whole of them, or the appointment of a referee to report findings upon one or more specific questions of fact. The power to refer the whole issues, in actions whether triable by the court or by a jury, had already been granted by the preceding clause. But neither clause authorizes a reference when the trial will not require the examination of a long account, or when it will require the decision of difficult questions of law. In the case before us the complaint contains no account, nor does it set forth items from which an account could be made up. Nor has it been shown by the plaintiff, in any way, that the trial will require the examination of an account, long or short. But the defendant presented evidence to the contrary. It is quite evident, also, that the trial will require the decision of difficult questions of law.

We are of opinion, therefore, that a reference was improperly ordered.

The order must be reversed, with $10 costs and disbursements.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Order reversed, with costs and disbursements.